Stephanie B. Garlock (*pro hac vice* application pending)
Allison M. Zieve (*pro hac vice* application pending)
Wendy Liu (*pro hac vice* application pending)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC  20009
Telephone:   (202) 588-1000
Email:       sgarlock@citizen.org
             azieve@citizen.org
             wliu@citizen.org

Michael W. Bien – 096891
Gay Crosthwait Grunfeld – 121944
Van Swearingen – 259809
Adrienne Spiegel – 330482
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:   (415) 433-6830
Facsimile:   (415) 433-7104
Email:       mbien@rbgg.com
             ggrunfeld@rbgg.com
             vswearingen@rbgg.com
             aspiegel@rbgg.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RISE ECONOMY; NATIONAL COMMUNITY REINVESTMENT COALITION; and WOODSTOCK INSTITUTE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau; and CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>　　　　Defendants. | Case No. 5:25-cv-10481-EJD<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SET A SCHEDULE FOR AND EXPEDITE A HEARING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Civil Local Rule 6-3 |

PLEASE TAKE NOTICE THAT pursuant to Civil Local Rules 6-3 and 7-11, Plaintiffs bring this Administrative Motion to Set a Schedule for and Expedite a Hearing on Plaintiffs' Motion for Summary Judgment. Specifically, because service on Defendants has now been effectuated, and in light of exigent circumstances, Plaintiffs respectfully request that the Court set a briefing schedule for the motion for summary judgment and set a hearing date as soon as briefing is completed and the Court's schedule permits. Plaintiffs submit that good cause exists to grant this request in light of the facts and circumstances set forth in this motion, Plaintiffs' motion for summary judgment, ECF 10, and accompanying documents, and the complete record of this case.

## BACKGROUND

Plaintiffs are three nonprofit research and advocacy organizations that rely on CFPB data and CFPB resources to carry out their work. *See* Compl. ¶¶ 12–14, ECF 1. In this case, they challenge a decision of the Consumer Financial Protection Bureau (CFPB) and its Acting Director that will cause the agency to run out of funding and shutter all its operations in just a few weeks' time.

The CFPB is funded by statute through the Federal Reserve System. Specifically, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act, the Federal Reserve "Board of Governors shall," on an annual or quarterly basis, "transfer to the Bureau from the combined earnings of the Federal Reserve System, the amount determined by the [CFPB] Director to be reasonably necessary to carry out the authorities of the Bureau under Federal consumer financial law." 12 U.S.C. § 5497(a)(1). Accordingly, from the inception of the CFPB through 2024, the CFPB's Director has, on a quarterly basis, requested funds from the Federal Reserve by transmitting to the Board of Governors of the Federal Reserve his or her determination of the amount reasonably necessary to carry out the CFPB's operations.

Since being named the CFPB's Acting Director on February 7, 2025, Defendant Russell Vought has declined to request funds from the Federal Reserve. The CFPB has instead functioned using its operating reserves. In mid-November, Defendants announced that those reserve funds will run out in early 2026, but that they will not transmit to the Board of Governors of the Federal Reserve System any determination of the amount of funds reasonably necessary to carry out the CFPB's

PLAINTIFFS' ADMINISTRATIVE MOTION TO SET A SCHEDULE FOR AND EXPEDITE A HEARING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

operations. *See* Request for Judicial Notice (RJN) Ex. K, ECF 11-9 (Notice of Potential Lapse in Appropriations, *NTEU v. Vought*, No. 1:25-cv-00381-ABJ (D.D.C. Nov. 10, 2025)). Defendants based this refusal to request funding from the Federal Reserve Board on a new legal opinion from the Department of Justice's Office of Legal Counsel (OLC). *Id.* The position stated in that opinion, however, is meritless. That opinion interprets 12 U.S.C. § 5497's reference to the Federal Reserve System's "combined earnings" to only allow the CFPB to request and receive funding from the Federal Reserve when the System is operating profitably, based on OLC's bespoke and atextual approach to profitability. *See* RJN Ex. J, ECF 11-8 (Office of Legal Counsel, *Whether the Consumer Financial Protection Bureau May Continue to Draw Funds from the Federal Reserve System Under 12 U.S.C. § 5497 When the Federal Reserve System Is Operating at a Loss* (Nov. 7, 2025)). And Defendants warned that, without that funding from the Federal Reserve (or a new congressional appropriation), the CFPB would cease all its operations some time after December 31, 2025. *See* RJN Ex. K.

On December 5, 2025, Plaintiffs sued CFPB Acting Director Russell Vought and the CFPB, challenging as arbitrary, capricious, and contrary to law Defendants' determination to not request funding from the Federal Reserve to carry out the CFPB's authorities. ECF 1. Service on Defendants pursuant to Federal Rule of Civil Procedure 4(i) has been completed. *See* Proof of Service, ECF 12; Proof of Service, ECF 13.

Because this case presents pure issues of statutory interpretation and involves no disputed facts, Plaintiffs moved on December 9, 2025, for summary judgment. *See* Mot. for Summ. J., ECF 10. In that motion, Plaintiffs ask this Court to resolve, as a matter of law, whether Acting Director Vought is required to request funding from the Federal Reserve Board pursuant to 12 U.S.C. § 5497, and whether the Federal Reserve System currently has "combined earnings" available to fulfill that request. *Id.* Plaintiffs contend that the answer to those questions is yes, and that Defendants' contrary reading of § 5497 ignores the statute's plain text, is inconsistent with statutory context and congressional intent, and rests on several fundamental misunderstandings of how the Federal Reserve System operates and the current state of its finances. *Id.*

In advance of filing the motion for summary judgment, Plaintiffs reached out to attorneys in the Department of Justice's Federal Program Branch to inform them about the filing of the case and to discuss the schedule for briefing the motion. Attorneys from the Federal Programs Branch confirmed that they would be representing Defendants in this case. They also agreed to accept service of the motion by email. After filing the motion, counsel for Plaintiffs then served Defendants by emailing copies of the filings to those Federal Programs branch attorneys. *See* Proof of Service of Motion, ECF 14.

## ARGUMENT

Plaintiffs respectfully request that this Court set a briefing schedule for Plaintiffs' motion for summary judgment and set a hearing date as soon as the Court's schedule permits.

**A.** It is appropriate to set at this time a schedule to brief Plaintiffs' motion. Although Defendants have not yet entered an appearance, service on Defendants is complete, and Defendants' counsel have confirmed their representation by email, in a telephone call with Plaintiffs' counsel, and during conferral on this motion. Moreover, because Defendants are an official and agency of the United States, Defendants—absent a briefing schedule—will not be required to enter an appearance until 60 days after service of the summons and complaint: February 9, 2026. *See* Fed. R. Civ. P. 12(a)(2). Thus, unless the Court sets a briefing schedule requiring a faster response, Defendants may not appear, much less respond to the motion, until perhaps a month after they successfully shutter the agency due to their manufactured funding crisis.

Importantly, the Federal Rules specifically allow a motion for summary judgment to be filed at any time, including concurrently with the filing of a complaint. *See* Fed. R. Civ. P. 56(b); Fed. R. Civ. P. 56 advisory comms. note to 2009 amendment (recognizing that summary judgment motion may be filed "as early as the commencement of the action"). Where, as here, there are no facts that even could be subject to dispute, the Court may move directly to summary judgment to resolve the legal questions at the heart of a dispute. *See Planned Parenthood of Greater New York v. HHS*, No. 25-2453, 2025 WL 2840318, at *9 (D.D.C. Oct. 7, 2025) (recognizing that early summary judgment is appropriate where "whatever is before the district court, whether presented through stipulated facts, affidavits, or other record evidence, demonstrates that the standard for the entry of summary

judgment ... is satisfied" (internal quotation marks omitted)); *Docklight Brands Inc. v. Tilray Inc.*, No. 2:21-CV-01692-TL, 2022 WL 2954929, at *2 (W.D. Wash. July 26, 2022) (observing that "early motions for summary judgment … can promote efficiency" (quoting *Van Slyke v. Cap. One Bank*, No. C 07-00671 WHA, 2007 WL 2385108, at *4 (N.D. Cal. Aug. 7, 2007))).

**B.** In addition, Plaintiffs respectfully submit that an expedited hearing date—before the currently scheduled March 5, 2025, hearing—is justified given the exigencies of this case.

Defendant Vought stated two months ago that he planned to shut down the CFPB in what was then the next several months. *See* The Charlie Kirk Show, *Vice President Vance and the Trump Admin Honor Charlie* at 1:21:47–1:23:00 (Oct. 15, 2025) (statement of Defendant Vought).[1] Since then, Defendants have made clear that, absent court intervention or a new appropriation statute from Congress, the CFPB will run out of funds and cease operations in early 2026. *See* RJN Ex. K. As explained in more detail in Plaintiffs' motion for summary judgment and the accompanying declarations, Plaintiffs (as well as other members of the public) rely directly on CFPB work that will grind to a halt once Defendants' manufactured financial crisis takes hold: The agency will no longer work to collect, process, and publish essential data about mortgage lending that is typically made public in the first quarter of the year; it will no longer route consumers' complaints about financial products and services to the appropriate companies for response and resolution; it will no longer analyze or publish anonymized consumer complaints for use by researchers and policymakers; and it will no longer work to implement the statutorily required system to collect and disseminate critical information about small business lending practices. *See* Mot. for Summ. J. at 9–11; Gonzalez-Brito Decl. ¶¶ 4–10, ECF 10-2; Toriz Decl. ¶¶ 4–7, ECF 10-3; Van Tol Decl. ¶¶ 4–10, ECF 10-4; Mendez Decl. ¶¶ 3–12, ECF 10-5.

Defendants' plan to defund a federal agency charged by Congress with enforcing more than a dozen consumer protection statutes and supervising the nation's largest financial institutions is based on a specious interpretation of the statute and in ignorance of the current status of the Federal Reserve System's finances. Prompt adjudication of Plaintiffs' motion is therefore needed to avoid

---

[1] https://omny.fm/shows/the-charlie-kirk-show/vice-president-vance-and-the-trump-admin-honor-charlie; *see also* RJN at 4, ECF 11.

unnecessarily throwing the nation's consumer finance system into chaos. *See, e.g.*, Letter from Sens. Warren, Warnock, Gallego & Kim to the Hon. Russell Vought (Dec. 3, 2025) (warning of disruption to "the housing finance market and the attainability of homeownership in the United States" following a lapse in funding of the CFPB because "[t]he CFPB plays a critical role maintaining a wide range of rules and issuing benchmark mortgage rates on which mortgage lenders rely on every day").[2]

Finally, Defendants will not be prejudiced by the schedule that Plaintiffs propose below because the schedule allows them more time than provided under the local rules governing summary judgment briefing. *See* N.D. Cal. Civ. L. R. 7-2(a), 7-3, 56-1.

Accordingly, Plaintiffs respectfully request that the Court adopt the following briefing schedule:

- Defendants' opposition shall be due on or before January 2, 2026.
- Plaintiffs' reply shall be due on or before January 9, 2026.

Plaintiffs request that the Court set a hearing date as soon as the Court's schedule permits following the conclusion of briefing

Plaintiffs have conferred with counsel for Defendants, who stated that they oppose expediting the hearing and the schedule proposed in this motion, and that they intend to file a written opposition.

## CONCLUSION

Based on the foregoing showing of good cause, Plaintiffs respectfully request that the Court grant the request for an order setting a briefing schedule and expediting consideration of their motion for summary judgment.

---

[2] https://www.banking.senate.gov/imo/media/doc/20251203lettertocfpbrehousingapor.pdf

DATED: December 11, 2025

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Michael W. Bien
    Michael W. Bien

Attorneys for Plaintiffs