BRETT A. SHUMATE
Assistant Attorney General
Civil Division

BRAD P. ROSENBERG
Special Counsel
Federal Programs Branch

CHARLES E.T. ROBERTS
Counsel
 (PA Bar No. 326539)

        U.S. Department of Justice
        Civil Division
        950 Pennsylvania Avenue, N.W.
        Washington, D.C. 20005
        Tel.: (202) 305-1141
        Fax: (202) 616-8470
        E-mail: Charles.Roberts2@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RISE ECONOMY; NATIONAL COMMUNITY REINVESTMENT COALITION; and WOODSTOCK INSTITUTE,<br><br>        Plaintiffs,<br><br>    v.<br><br>RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau; and CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>        Defendants. | Case No. 5:25-cv-10481-EJD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SET A SCHEDULE FOR AND EXPEDITE A HEARING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Honorable Edward J. Davila<br>Senior United States District Judge |

    Defendants respectfully submit the following opposition to Plaintiffs' motion to shorten time for briefing and a hearing on their motion for summary judgment. *See* Pls.' Admin. Mot. to Set a Sched. for and Expedite a Hr'g on Pls.' Mot. for Summ. J. ("Mot."), Dkt. 15.

Plaintiffs' motion to expedite briefing and a hearing on their summary judgment motion for their Administrative Procedure Act ("APA") claims attempts to bypass regular order and rush a complex, substantive dispute through the Court without giving Defendants a full and fair opportunity to respond to a complaint that was not served on them until three business days ago. Plaintiffs offer no valid justification for rushing this week-old case to final judgment over the holidays, especially in light of ongoing litigation in the United States District Court for the District of Columbia (where Plaintiffs' counsel here represented plaintiffs there until the same day they filed their new lawsuit in this Court). Instead, their motion to expedite consideration of their premature motion for summary judgment relies on speculation and exaggeration, and it should be denied for several reasons.[1]

**1.** The motion for summary judgment is premature. Plaintiffs selectively quote the advisory committee notes to Fed. R. Civ. P. 56 to suggest that it is perfectly reasonable to file a complex case on Friday, seek summary judgment the following Tuesday, and finish briefing in just a few weeks. *See* Mot. 3. Of course that's not true, as the notes themselves make clear: "Although [Federal Rule of Civil Procedure 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56, Advisory Comms. Notes (2010 Amendments, Note to subdiv. (b)). And, in all events, "[i]f a motion for summary judgment is filed before a responsive pleading is due from a party affected by the motion," as here, "the time for responding to the motion is 21 days *after the responsive pleading is due*." *Id.* (2009 Amendments) (emphasis added).[2] "Indeed, many courts have denied pre-answer and pre-discovery motions for summary judgment as premature despite technical compliance with the timing provisions of Rule 56." *Bradford v. Ogbuehi*, No. 1:17-CV-01128, 2020 WL 9886194, at *1 (E.D. Cal. Feb. 20, 2020); *accord*

---

[1] Defendants are filing concurrently an administrative motion to, in the alternative, either (i) stay further proceedings and hold in abeyance Plaintiffs' premature motion for summary judgment, (ii) key a briefing schedule off of the current (or any new) hearing date, or (iii) extend Defendants' deadline to respond to the motion until January 16. This counterproposal, which Plaintiffs oppose, presents more appropriate paths to timely and efficient disposition of this case pursuant to more regular order.

[2] If anything, that time should be longer for the Government—not shorter, as Plaintiffs would have it—given the Government's longer default time to respond to the complaint. *See* Fed. R. Civ. Proc. 12(a)(3) (60 days).

*Knuth v. Cap Patrol, LLC Ohio*, No. 23-CV-1676, 2023 WL 6850013, at *1 (S.D. Cal. Oct. 17, 2023) ("While Plaintiff's partial motion for summary judgment is technically compliant with the timing requirements of Federal Rule of Civil Procedure 56, it is premature because Defendants have not yet responded to the Complaint ...."); *Limetree Ests. LLC v. City of Rancho Palos Verdes*, No. CV 23-1420, 2023 WL 9379183, at *4 (C.D. Cal. Dec. 28, 2023) (similar); *Aaron & Andrew, Inc. v. Sears Holdings Mgmt. Corp.*, No. CV 14-1196, 2017 WL 3449598, at *3 (C.D. Cal. Apr. 14, 2017) (similar).

These principles carry even greater weight in APA cases, like this one, where the "other pretrial proceedings" contemplated by the advisory comments would typically include not just an answer or response to the complaint but also preparation and certification of an administrative record. *See* 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party...."); Local R. 16-5 (Procedure in Actions for Review on an Administrative Record) ("In actions for District Court review on an administrative record … the defendant must serve and file an answer, together with a certified copy of the transcript of the administrative record, within 90 days of receipt of service of the summons and complaint."); *see, e.g.*, *Am. Ctr. for Int'l Lab. Solidarity v. Chavez-DeRemer*, 789 F. Supp. 3d 66, 81 (D.D.C. 2025) ("When a summary judgment motion is filed prematurely, with factual matters or disputes insufficiently supported by record evidence in the form required, the necessary determination of what material facts are not genuinely at issue may be difficult to determine." (internal citation omitted)).

By filing for summary judgment two business days after their APA complaint, Plaintiffs seek to deny Defendants and the Court of the benefits of both "a responsive pleading" and "other pretrial proceedings" such as preparation and certification of an administrative record. Defendants deserve and the Court's review will be aided by allowing the opportunity to address several apparent threshold issues with the adequacy of Plaintiffs' complaint under Fed. R. Civ. Proc. 12(b) (including standing, final agency action, venue, and required joinder). And it appears likely there will be core disputes of material fact, such as whether the CFPB will "halt[] all work" or "cease all its operations" during a lapse in funding. Compl. 16 ¶ 59, Dkt. 1; Mot. 2. *Contra* 31 U.S.C. §§ 1341(a)(1)(B); 1342 (permitting agencies to continue functions to preserve "the safety of human life or the protection of property" and to obligate payments otherwise "authorized by law" even during a funding lapse under the Antideficiency Act).

This action should proceed in the regular order for those disputes to ripen and that record to develop.

**2.** Key legal issues in this case are currently being litigated before the United States District Court for the District of Columbia—indeed, up until the day this complaint was filed, they were being litigated by many of the same Plaintiffs' counsel. *See Nat'l Treas. Emps. Union v. Vought*, No. 1:25-cv-0381 (D.D.C.) ("*NTEU*").[3] Briefing on a motion, for which Plaintiffs' counsel here appeared on the signature block, addressing the same funding question Plaintiffs now ask this Court to resolve, will be completed in *NTEU* on Monday, December 15. *See id.* Mot. to Clarify Prelim. Inj., Dkt. 148 (Nov. 23, 2025); Mem. in Opp'n, Dkt. 160 (Dec. 8, 2025). Awaiting a forthcoming decision there is a more efficient use of the Court's and parties' resources. It is also more appropriate given that (i) counsel for Plaintiffs here were counsel of record there until just last week when they withdrew to file this new case on the opposite side of the country, and (ii) counsel for Plaintiffs have been aware of the key legal issues in this case for a month, *see* Compl. 11 n.15 (relying on Notice filed in *NTEU* on November 10, 2025); *NTEU*, Dkt. 148 (Plaintiffs' counsel here making many of the same arguments they press here in their brief in D.D.C.).

**3.** Plaintiffs are not entitled to end-run the requirements for emergency relief by attempting to expedite summary judgment. Plaintiffs chose not to file for a preliminary injunction or temporary restraining order. Nowhere in their complaint, motion for summary judgment, or motion to expedite do Plaintiffs allege irreparable harm, as would be required to seek such emergency relief. Nor could they, since their alleged harms are insufficient even for standing purposes. Defendants and the Court should not be burdened with summary judgment proceedings on a similarly emergent timeframe.

And even the "exigencies" Plaintiffs do allege are overstated. *See* Mot. 4–5. Not only do Plaintiffs acknowledge that Congress could step in to provide funding at any time now that Defendant Vought has transmitted a report to congressional appropriations committees pursuant to 12 U.S.C. § 5497(e)(1), Compl. 18 ¶ 62; but Plaintiffs allege that the Federal Reserve System recently began "generating surplus funds" such that the System could provide funding to Defendants even under the

---

[3] *See NTEU*, Dkt. 153 (noticing withdrawal of Attorney Allison Marcy Zieve on the day this action was filed); *id.* Dkt. 155 (same for Attorney Wendy Liu); *id.* Dkt. 158 (same for Attorney Stephanie Garlock).

1    Office of Legal Counsel opinion Plaintiffs claim is preventing Defendants from doing so now, Compl.

2    ¶ 38. Thus, not only procedural developments in *NTEU*, but factual developments in the future may

3    obviate the basis for, or at least significantly alter the landscape of, this nascent case.

4                                        *       *       *

5           For the foregoing reasons, responding to Plaintiffs' motion for summary judgment—

6    accompanied by 4 declarations and 22 exhibits totaling over 450 pages—over the holidays of course

7    would prejudice Defendants, whose counsel has preplanned leave and family commitments throughout

8    the second half of December. Accordingly, Plaintiffs' motion to expedite should be denied.

9

10

11   DATED: December 15, 2025                    Respectfully submitted,

12

13                                              */s/ Charles E.T. Roberts*
                                                CHARLES E.T. ROBERTS
14                                              Counsel

15

16

17

18

19

20

21

22

23

24

25

26

27

28