BRETT A. SHUMATE
Assistant Attorney General
Civil Division

BRAD P. ROSENBERG
Special Counsel
Federal Programs Branch

CHARLES E.T. ROBERTS
Counsel
 (PA Bar No. 326539)

    U.S. Department of Justice
    Civil Division
    950 Pennsylvania Avenue, N.W.
    Washington, D.C. 20005
    Tel.: (202) 305-1141
    Fax: (202) 616-8470
    E-mail: Charles.Roberts2@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RISE ECONOMY; NATIONAL COMMUNITY REINVESTMENT COALITION; and WOODSTOCK INSTITUTE,<br><br>    Plaintiffs,<br><br>v.<br><br>RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau; and CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>    Defendants. | Case No. 5:25-cv-10481-EJD<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO STAY PROCEEDINGS AND HOLD IN ABEYANCE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Honorable Edward J. Davila<br>Senior United States District Judge |

Defendants respectfully move pursuant to Local Civil Rule 6-3 for an order staying further proceedings and holding in abeyance Plaintiffs' premature motion for summary judgment pending Defendants' response to the Complaint. In the alternative, Defendants respectfully move for an order

either keying a briefing schedule off of the hearing date or, at minimum, extending Defendants' deadline to respond to the motion until at least January 16, 2026.

**1.** For the reasons stated in Defendants' Opposition to Plaintiffs' Administrative Motion to Set a Schedule for and Expedite a Hearing on Plaintiffs' Motion for Summary Judgment, Dkt. 21, the declaration of Charles Roberts, attached, and below, the Court should reject Plaintiffs' attempt to bypass regular order by unnecessarily litigating a complex substantive dispute over the holidays, all before providing Defendants with a full and fair opportunity to respond to a Complaint that was not served on them until three business days ago.

Plaintiffs filed their motion for summary judgment on December 9, 2025, accompanied by 4 declarations and 22 exhibits totaling over 450 pages. Because Plaintiffs had not served Defendants and Defendants had not entered an appearance in the case, the Court terminated Defendant's deadline to respond to the motion. Terminate Deadlines, Dkt. (Dec. 9, 2025). The current hearing date is March 5, 2026. Dkt. 10.

As explained in Defendants' Opposition, Dkt. 21, (i) Plaintiffs' motion is premature. Under Fed. R. Civ. P. 56, Defendants are entitled to a response deadline "21 days after the responsive pleading is due," because Plaintiffs "filed before a responsive pleading is due." Fed. R. Civ. P. 56, Advisory Comms. Notes (2009 Amendments). Under Local Rule 16-5, Defendants are entitled to 90 days to answer the complaint in this Administrative Procedure Act case. Plaintiffs have provided no valid justification for bypassing this regular order. Moreover, both (ii) pending litigation in the United States District Court for the District of Columbia—in which Plaintiffs' counsel here represented plaintiffs there until the day this complaint was filed—where a motion addressing the same funding question raised by Plaintiffs' motion for judgment is now ripe for decision, and (iii) Plaintiffs' choice *not* to seek emergency relief counsel against rushing to final judgment on an expedited timeframe.

Instead, Defendants respectfully request that the Court stay further proceedings and hold in abeyance Plaintiffs premature motion pending Defendants' response to the Complaint, at which point Local Rule 16-5 provides for prompt briefing and, if the Court determines it necessary, oral argument.

**2.** Alternatively, if the Court decides to proceed with briefing and a hearing on Plaintiffs' motion

for summary judgment without an administrative record and before Defendants have responded to the Complaint, Defendants respectfully request that briefing be keyed off of the hearing date. This Court's Standing Order for Civil Cases provides in Part IV.A.3. for "at least 14 days between the final filing and the hearing date," and Local Rule 7-3 provides for "7 days" between the opposition and reply. Applying those guidelines, Defendants propose that their opposition be due 21 days before the March 5, 2026 hearing date (so that Defendants' opposition brief would be due February 12), and Plaintiffs' reply be due 7 days thereafter (February 19). At a minimum, Defendants respectfully request that their deadline to respond to the motion for summary judgment be extended until at least January 16. Although still long before Defendants' deadline to respond to the Complaint, this deadline would allow more time for Defendants to prepare an opposition that would aid the Court's review and for likely developments in the District of Columbia case to do the same.

DATED: December 15, 2025                                    Respectfully submitted,

                                                            */s/ Charles E.T. Roberts*
                                                            CHARLES E.T. ROBERTS
                                                            Counsel