BRETT A. SHUMATE
Assistant Attorney General
Civil Division

BRAD P. ROSENBERG
Special Counsel
Federal Programs Branch

CHARLES E.T. ROBERTS
Counsel
 (PA Bar No. 326539)

    U.S. Department of Justice
    Civil Division
    950 Pennsylvania Avenue, N.W.
    Washington, D.C. 20005
    Tel.: (202) 305-1141
    Fax: (202) 616-8470
    E-mail: Charles.Roberts2@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RISE ECONOMY; NATIONAL COMMUNITY REINVESTMENT COALITION; and WOODSTOCK INSTITUTE,<br><br>    Plaintiffs,<br><br>  v.<br><br>RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau; and CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>    Defendants. | Case No. 5:25-cv-10481-EJD<br><br>**DEFENDANTS' RESPONSIVE SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Honorable Edward J. Davila<br>Senior United States District Judge |

Defendants Russell Vought, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, and Consumer Financial Protection Bureau (CFPB), respectfully submit the following Responsive Separate Statement in Opposition to Plaintiffs' Motion for Summary Judgment.

As a threshold matter, Defendants object that it is unnecessary to respond to Plaintiffs' Separate Statement in Support of Motion for Summary Judgement. If this is a proper action under §706(2) of the Administrative Procedure Act (as set forth in their memorandum, Defendants believe it is not), there are no facts in dispute and review takes place solely on the basis of the Administrative Record. 5 U.S.C. § 706 ("In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error."). Only to the extent the Court disagrees should it consider the Separate Statements.

## I.  RESPONSIVE SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|
| **Claim for Relief: Administrative Procedure Act** | | |
| 1. Plaintiffs have standing. | Fact 1. Plaintiff Rise Economy relies on data provided by the CFPB under the Home Mortgage Disclosure Act (HMDA) and the CFPB's consumer complaint database to support its research and advocacy work with financial institutions, legislators, and regulators. Gonzalez-Brito Decl. ¶¶ 5–9. | Defendants lack sufficient information to dispute Fact 1.

Disputed that Fact 1 establishes standing. Whether Plaintiffs have established standing is a legal conclusion that is inappropriate for a Separate Statement. |

| | | |
|---|---|---|
| | Fact 2. Without access to CFPB data, Rise Economy will have a more difficult time, and need to invest more resources into, publishing updated research, negotiating effective community benefits agreements with lenders, and advocating for consumers before regulators and legislators.<br><br>Gonzalez-Brito Decl. ¶¶ 6–9. | Disputed that Rise Economy has established it will lose access to CFPB data, because the CFPB has requested and received funding. Defendants lack sufficient information to dispute the remainder of Fact 2.<br><br>Disputed that Fact 2 establishes standing. Whether Plaintiffs have established standing is a legal conclusion that is inappropriate for a Separate Statement.<br><br>Request for Judicial Notice (RJN), Ex. A (funding request and receipt) |
| | Fact 3. Rise Economy member Haven Services relies on the CFPB's consumer complaint process to help its clients receive relief from loan servicers, lenders, and other financial institutions.<br><br>Toriz Decl. ¶¶ 2–5. | Defendants lack sufficient information to dispute Fact 3.<br><br>Disputed that Fact 3 establishes standing. Whether Plaintiffs have established standing is a legal conclusion that is inappropriate for a Separate Statement. |
| | Fact 4. Haven Services will be substantially impeded in its counseling work and would have to spend more time and resources to effectively achieve the same results from clients without help from the CFPB.<br><br>Toriz Decl. ¶ 6. | Disputed that Haven Services has established it will be "without help from the CFPB," because the CFPB has requested and received funding. Defendants lack sufficient information to dispute the remainder of Fact 4.<br><br>Disputed that Fact 4 establishes standing. Whether Plaintiffs have established standing is a legal conclusion that is inappropriate for a Separate Statement.<br><br>RJN, Ex. A (funding request and receipt) |
| | Fact 5. Plaintiff National Community Reinvestment Coalition (NCRC) regularly | Defendants lack sufficient information to dispute Fact 5. |

DEFENDANT'S SEPARATE STATEMENT
5:25-CV-10481- EJD                                   3

| | | |
|---|---|---|
| | relies on the information contained in CFPB's consumer complaint database and HMDA data provided by the CFPB to support its research and advocacy work, and it plans to rely on small-business lending data under the CFPB's Section 1071 rule once the CFPB begins collecting and producing it.<br><br>Van Tol Decl. ¶¶ 4–10. | Disputed that Fact 5 establishes standing. Whether Plaintiffs have established standing is a legal conclusion that is inappropriate for a Separate Statement. |
| | Fact 6. Without access to information provided by the CFPB, NCRC will have a more difficult time, and need to invest more resources into, publishing updated research, advocating as effectively with state and federal regulators, conducting research, analyses, and other activities.<br><br>Van Tol Decl. ¶¶ 7–10. | Disputed that NCRC has established it will lose access to CFPB information, because the CFPB has requested and received funding. Defendants lack sufficient information to dispute the remainder of Fact 6.<br><br>Disputed that Fact 6 establishes standing. Whether Plaintiffs have established standing is a legal conclusion that is inappropriate for a Separate Statement.<br><br>RJN, Ex. A (funding request and receipt) |
| | Fact 7. Plaintiff Woodstock Institute relies on timely access to updated HMDA data to support its Community Lending Data Portal, as well as its research and advocacy work.<br><br>Mendez Decl. ¶¶ 4–11. | Defendants lack sufficient information to dispute Fact 7.<br><br>Disputed that Fact 7 establishes standing. Whether Plaintiffs have established standing is a legal conclusion that is inappropriate for a Separate Statement. |
| | Fact 8. Without access to data provided by the CFPB, Woodstock Institute would be unable to update its Community Lending Data Portal with new lending information, thereby reducing the value of its investment; and it would have less ability | Disputed that Woodstock has established it will lose access to CFPB data, because the CFPB has requested and received funding. Defendants lack sufficient information to dispute the remainder of Fact 8.<br><br>Disputed that Fact 8 establishes |

| | | | |
|---|---|---|---|
| | | to negotiate with financial institutions to improve their lending practices.<br><br>Mendez Decl. ¶¶ 10–11. | standing. Whether Plaintiffs have established standing is a legal conclusion that is inappropriate for a Separate Statement.<br><br>RJN, Ex. A (funding request and receipt) |
| | 2. Defendants have made a final decision not to request from the Board of Governors of the Federal Reserve System funding necessary to carry out the CFPB's authorities under federal consumer financial law. | Fact 9. Defendants have made a final decision not to request funding from the Board of Governors of the Federal Reserve System as necessary to carry out the CFPB's authorities under federal consumer financial law.<br><br>Request for Judicial Notice (RJN), Ex. K, CFPB, *CFPB Notifies Court it Cannot Lawfully Draw Funds from the Federal Reserve* (Nov. 11, 2025). | Disputed. The CFPB has requested and received funding. And the cited evidence establishes no decision has been made as to future requests at this time.<br><br>RJN, Ex. A (funding request and receipt)<br><br>Defendants object to responding to this statement insofar as Plaintiffs are seeking information, such as a decision in the mental processes of the Acting Director, protected by the mental process privilege or the deliberative process privilege. *Carl Zeiss Stiftung v. E.B. Cal. Zeiss, Jena*, 40 F.R.D. 318, 326 (D.D.C. 1966). |
| | | Fact 10. Defendants have announced that the CFPB "anticipates exhausting its currently available funds in early 2026."<br><br>RJN Ex. I, Notice of Potential Lapse in Appropriations, *NTEU v. Vought*, No. 1:25-cv-00381-ABJ (D.D.C. Nov. 10, 2025), ECF No. 145. | Undisputed that CFPB so anticipated at that time. Disputed that CFPB now anticipates exhausting its currently available funds in early 2026, because the CFPB has requested and received funding.<br><br>RJN, Ex. A (funding request and receipt) |
| | 3. The best reading of § 5497 does not support Defendants. | Fact 11. Just one year ago, the CFPB recognized that reading "combined earnings" in § 5497 to mean "'revenue' or 'income' generated from labor, services, or investments … fits this statute to a T." | Undisputed that the cited court filing contains the quoted language.<br><br>Defendants respectfully refer the Court to the cited document for an accurate and complete statement of its contents. |

DEFENDANT'S SEPARATE STATEMENT
5:25-CV-10481- EJD                                                    5

| | | | |
|---|---|---|---|
| | | RJN Ex. P, Opp. to Mot. to Dismiss at 6, *CFPB v. Purpose Financial, In*, No. 24-3206 (D.S.C. Oct. 3, 2024), ECF 48 (internal quotation marks omitted). | Disputed that Fact 11 establishes the best reading of the statute. That reading is a legal conclusion that is inappropriate for resolution in a Separate Statement. |
| | | Fact 12. When it created the CFPB, Congress expressly aimed to establish a steady source of funding, rather than funding through an annual appropriation, because it deemed "the assurance of adequate funding" to be "absolutely essential." <br><br> S. Rep. No. 111-176, at 163 (2010). | Disputed that the quoted language or report establishes Congress's "aim[]." Congress specifically provided a mechanism for the CFPB to report funding needs to Congress for Congress to consider appropriating funds. *See* § 5497(e). And "legislative history is not the law." *Azar v. Allina Health Servs.*, 587 U.S. 566, 579 (2019) (quoting *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 523 (2018)). <br><br> Undisputed that the cited legislative report contains the quoted language. Defendants respectfully refer the Court to the cited document for an accurate and complete statement of its contents. |
| | | Fact 13. Congress gave the CFPB exclusive responsibility for deposit institutions and credit unions with assets exceeding $10 billion, with respect to more than a dozen statutes. <br><br> RJN Ex. Q, OIG, Coordination of Responsibilities Among the Consumer Financial Protection Bureau and the Prudential Regulators— Limited Scope Review 2, 13 (June 2015) | Undisputed. Defendants respectfully refer the Court to the cited document for an accurate and complete statement of its contents. |
| | 4. The Federal Reserve System has generated sufficient earnings | Fact 14. The Federal Reserve System generated more than | Undisputed. |

| | | |
|---|---|---|
| to fulfill any assessment for the Consumer Financial Protection Bureau. | $160 billion in revenue in 2024.<br><br>RJN Ex. B, Federal Reserve, *Federal Reserve Banks Combined Financial Statements as of and for the Years Ended December 31, 2024 and 2023 and Independent Auditors' Report*. | Defendants respectfully refer the Court to the cited document for an accurate and complete statement of its contents.<br><br>Disputed that Fact 14 establishes the Federal Reserve System's "earnings," which is a legal conclusion that is inappropriate for resolution in a Separate Statement. |
| | Fact 15. As of November 5, 2025, the Federal Reserve Banks reported a net deferred asset of $243,818,000.000.<br><br>RJN Ex. F, Federal Reserve Balance Sheet: Factors Affecting Reserve Balances - H.4.1 (Nov. 6, 2025). | Undisputed. |
| | Fact 16. As of December 3, 2025, the Federal Reserve Banks reported a net deferred asset of $243,180,000.000.<br><br>RJN Ex. E, Federal Reserve Balance Sheet: Factors Affecting Reserve Balances - H.4.1 (Dec. 4, 2025). | Undisputed. |
| | | Fact 17. As of January 15, 2026, the Federal Reserve Banks reported a net deferred asset of $243,700,000,000.<br><br>RJN, Ex. C (January 15 H.4.1) |

## II.     ATTESTATION

I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

DATED: January 16, 2026                                    Respectfully submitted,

                                                                                  */s/ Charles E.T. Roberts*

                                                                                  CHARLES E.T. ROBERTS
                                                                                  Counsel for Defendants